UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARY A. HOPKINS | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| VS. | § | |
| | § | |
| LCS FINANCIAL SERVICES | § | COMPLAINT |
| CORPORATION AND STAWIARSKI | § | With Jury Demand Endorsed |
| & ASSOCIATES, PC | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Mary A. Hopkins ("Plaintiff"), by counsel, and for her Complaint against the Defendants, LCS Financial Services Corporation ("LCS") and Stawiarski & Associates, PC ("S&A"), collectively (the "Defendants"), states as follows:

### I. INTRODUCTION

1.  Plaintiff asserts claims against Defendants for the willful, knowing, and/or negligent violation of: 1) Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq*., (known as the Fair Credit Reporting Act, hereinafter referred to as the "FCRA") which relates to the dissemination of consumer credit and other financial information; 2) violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001 *et. seq*.; 3) the common law tort of invasion of privacy; and 4) the chapter 7 discharge injunction of the United States Bankruptcy Court of the Eastern District of Texas,

1

Sherman Division, and seeks to recover actual, statutory, and punitive damages, legal fees and expenses against Defendants.

## II. PARTIES

2. Plaintiff is a natural person residing in Collin County, Texas and she is a "consumer" as defined by the FCRA.

3. Defendant LCS is a foreign corporation which may be served by delivering citation to its registered agent, Registered Agent Solutions, Inc., 1701 Directors Blvd, Suite 300, Austin, TX 78744.

4. Defendant S&A is a foreign professional association that may be served by delivering citation to its registered agent, Registered Agent Solutions, Inc., 1701 Directors Blvd, Suite 300, Austin, TX 78744.

5. Defendants are "persons" and a "users" of consumer credit and other financial information, as said terms are defined and contemplated respectively, under the FCRA.

6. Defendants are "debt collectors" as defined by Tex. Fin. Code § 392.001(6).

7. Defendant S&A is a furnisher of consumer credit information to Trans Union, LLC, one of the three (3) national consumer reporting agencies.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1334 and 1337(a) and 15 U.S.C. § 1681p and 28 U.S.C. §§2201-2202.

9. Venue in this district is proper because the defendants transact business in this district, Plaintiff filed her bankruptcy in this district and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff is a "consumer" as defined by Tex. Finance Code §392.001(1).

11. Defendants are "debt collectors" as defined by Tex. Fin. Code § 392.001(6).

12. On April 28, 2010, Plaintiff filed bankruptcy in case number 10-41319 ("Bankruptcy Case") in the Eastern District of Texas Bankruptcy Court ("Bankruptcy Court").

13. PNC Mortgage, a division of PNC Bank, NA ("PNC"), the previous owner and/or servicer of the debt at issue, asserted a claim against Plaintiff, prior to her filing her Bankruptcy Case, in an attempt to collect a consumer debt allegedly owed by Plaintiff. The debt required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  The claim was listed on Schedule "D" of Plaintiff's schedules filed in her Bankruptcy Case as a secured claim and Plaintiff surrendered the collateral securing such debt, as noted in her bankruptcy schedules.

14. In her Bankruptcy Case, Plaintiff filed a mailing matrix with the Bankruptcy Court that provided PNC's correct address.

15. Defendant LCS subsequently purchased the subject account ("Account") and debt at issue and it was assigned to Defendant S&A for collection.

16. On July 28, 2010, the Bankruptcy Court issued an Order granting Plaintiff a discharge in her Bankruptcy Case ("Discharge Order").  The Discharge Order enjoined all creditors from taking any action to collect their pre-petition debt against Plaintiff.  A copy of the Discharge Order is attached hereto as Exhibit "A" and is incorporated herein by reference.

17. At no time during the pendency of Plaintiff's Bankruptcy Case did Defendants or PNC object to or dispute the details of the subject claim listed in Schedule D of her petition filed in Plaintiff's Bankruptcy Case.

18. At no time during the pendency of the Bankruptcy Case did Plaintiff reaffirm the debt at issue.

19. At no time during the pendency of the Bankruptcy Case was the subject claim declared to be non-dischargeable.

20. Following the July 28, 2010 discharge in Plaintiff's Bankruptcy Case, Defendants engaged in debt collection activity against Plaintiff by: (1) assigning or accepting the account at issue for collection; (2) causing to be sent or sending Plaintiff a collection letter demanding payment of the discharged debt in the amount of $49,983.84; (3) causing or pulling Plaintiff's credit report with TransUnion credit bureau ("TransUnion") without a legally permissible purpose; and (4) sending Plaintiff a statement on the Account stating there was an amount due of $49,983.84.

21. On or about May 16, 2013, S&A, on behalf of Defendant LCS, sent Plaintiff a collection letter ("S&A Collection Letter") on the subject discharged debt, stating there was an amount due and owing on the Account, S&A Account No. 51810, in the amount of $49,983.84 and instructing Plaintiff to contact S&A at the provided phone number. A true and correct copy of the S&A Collection Letter is attached hereto as Exhibit "B."

22. After receiving the S&A Collection Letter, Plaintiff called phone number listed in the letter and was told by Defendant S&A's agent, whom she spoke with, that she still owed the subject debt and they wanted her to make arrangements to pay it; Plaintiff advised the caller that the debt had been discharged in her Bankruptcy Case.

23. On or about January 30, 2014, Defendant LCS sent Plaintiff a statement on the Account ("Account Statement") for the subject discharged debt, stating that there was a "Total Amount Due" in the amount of $49,983.84, and informing Plaintiff that the lender had sold the rights to collect on the balance of the loan and Account to Defendant LCS.  A true and correct copy of the Account Statement is attached hereto as Exhibit "C" and incorporated herein by reference.

24. On February 6, 2014 at approximately 5:10 p.m., Plaintiff received a telephone call from an individual who identified himself as "Craig" from S&A, calling from phone number 303-306-9001, who informed Plaintiff that his organization was a debt collector and that he was calling regarding the Account and to try and work something out with Plaintiff.

25. By sending or causing to be sent to Plaintiff the collection letter, the Account statement and verbally reaffirming Defendants' intention to collect the discharged debt from Plaintiff, Defendants made false representations to Plaintiff that they had a right to collect the discharged debt and it should be paid.

26. On November 5, 2013, despite the fact Plaintiff had no account relationship with Defendants and the subject debt had been discharged, S&A illegally accessed and reviewed Plaintiff's credit report with TransUnion without a permissible purpose.

27. A true and correct copy of relevant portions of Plaintiff's TransUnion credit report are attached hereto as Exhibit "D."

28. The conduct of Defendants, as stated above, has proximately caused Plaintiff past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

29. Defendant S&A knew and continues to know that a discharge order means the debt is no longer collectible, but Defendant S&A has made a corporate decision to willfully and maliciously act contrary to its knowledge in its calculated decision to violate Plaintiff's right to privacy by impermissibly accessing Plaintiff's credit reports after the discharge was granted in her Bankruptcy Case.

30. After a reasonable time for discovery, Plaintiff believes she will be able to show that despite receiving dozens, if not hundreds, of disputes complaining that Defendant S&A was illegally accessing credit reports for account holders whose debts with Defendant LCS had been discharged in bankruptcy, Defendant S&A intentionally and knowingly has not corrected its policy of doing so.

31. After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

32. After a reasonable time for discovery, Plaintiff believes she will be able to show that all actions taken by Defendants at issue were performed with maliciously, wantonly, recklessly, intentionally or willfully, and with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the law.

33. After a reasonable time for discovery, Plaintiff believes she will be able to show that Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and Defendants are subject to punitive

damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies.

## V. GROUNDS FOR RELIEF - COUNT I

## FAIR CREDIT REPORTING ACT (FCRA 15 U.S.C. §1681 *et. seq*)

34. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

35. The FCRA establishes very specific rules limiting when and why an entity can obtain a consumer report:

> (f) Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless –
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. § 1681b (f).

36. Section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained:

> (a) In General. – * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> ***
>
> (3) To a person which it has reason to believe –
>
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

7

involving the extension of credit to, or review or collection of an account of, the consumer;

   ***

 (F)  otherwise has a legitimate business need for the information * * *

 (ii)  to review an account to determine whether the consumer continues to meet the terms of the account.

*See* 15 U.S.C. § 1681b (a)(3).

37. After the Discharge Order was signed and entered in Plaintiff's Bankruptcy Case, Defendant S&A requested and obtained Plaintiff's consumer report from TransUnion.

38. On such occasion, Defendant S&A represented to TransUnion that such request(s) was made for "account review" or "collection" purposes.

39. When requesting and obtaining Plaintiff's credit information from TransUnion, as described herein, Defendant S&A had actual knowledge that it did not have a permissible purpose to obtain such information.

40. After Plaintiff called and told S&A's representative that she had filed bankruptcy and that the underlying Account had been discharged, S&A had actual knowledge about Plaintiff's bankruptcy filing and discharge in late May 2013.  Thereafter, S&A was legally prohibited from pursuing any collection on the discharged debt against Plaintiff or communicating with her about the Account and the underlying discharged debt to justify an account review of her credit information.  As such, Defendant S&A had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit reports with TransUnion at all relevant times.

41. At the time S&A impermissibly accessed Plaintiff's TransUnion credit report, S&A had actual knowledge that Plaintiff had not requested new credit from it nor had she initiated any credit transactions with Defendants S&A or LCS at any time since her bankruptcy filing or discharge.  As such, S&A had actual knowledge that it did not have a permissible purpose to access Plaintiff's credit information as it did.

42. For S&A to request and obtain Plaintiff's private personal and financial information, in the face of actual knowledge that it had no permissible purpose to do so, constitutes its knowing and willful violations of the FCRA.

43. After a reasonable time to conduct discovery, Plaintiff believes she can prove that S&A requested and obtained Plaintiff's private personal and financial information from TransUnion for the illegal purpose of attempting to collect on the underlying discharged debt.

44. After a reasonable time to conduct discovery, Plaintiff believes she can prove that S&A used false pretenses, namely the representation that it intended to use Plaintiff's consumer report for an account review or collection purposes, in order to obtain Plaintiff's private personal and financial information for the illegal purpose of attempting to collect on the discharged debt.

45. After a reasonable time to conduct discovery, Plaintiff believes she can prove, additionally and/or in the alternative, S&A is unwilling or unable to prevent its system from requesting and obtaining Plaintiff's consumer report without a permissible purpose, thereby subjecting Plaintiff to having her private, personal and financial information disclosed without her consent, authorization or other legal justification.

46. As a direct and proximate result of Defendant's conduct, as outlined above, Plaintiff has suffered and will continue to suffer, substantial injury, including, but not limited to, mental anguish and emotional distress from the ongoing invasion of her privacy, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

47. Plaintiff has or will face credit denials and higher costs in many types of consumer transactions because of Defendant S&A's illegal access of her credit reports. Furthermore, S&A's actions at issue have caused Plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

48. After a reasonable opportunity for further investigation and discovery, Plaintiff asserts that Defendant S&A is aware that every time it pulls Plaintiff's credit report it does damage to her credit score and will cause her credit rating to be further impaired.

49. After a reasonable opportunity for further investigation and discovery, Plaintiff says that she will have evidentiary support to show that the FICO© scoring models continue to penalize "debtors," such as Plaintiff for repetitive credit pulls such as S&A's actions that are the subject of this complaint.

50. Defendant S&A's conduct reveals a conscious and reckless disregard of Plaintiff's rights. The injuries suffered by Plaintiff were attended by circumstances of fraud, malice, and willful and wanton misconduct entitling Plaintiff to punitive damages pursuant 15 U.S.C. § 1681n(a)(2).

51. Since Defendant S&A's illegal credit report pull will have a continuing negative effect on Plaintiff's credit and the violations are ongoing in nature, Defendant S&A is liable for any and all future harm suffered by Plaintiff as a result of Defendant S&A's conduct.

## VI. GROUNDS FOR RELIEF - COUNT II

## TEXAS FINANCE CODE - UNFAIR DEBT COLLECTION

52. Plaintiff repeats, re-alleges, and incorporates by reference all paragraph as above as if fully rewritten here.

53. Defendants have violated the Texas Finance Code in numerous ways including, but not limited to, the following:

    a) Tex. Fin. Code § 392.301(a)(8), which prohibits Defendants from taking an action prohibited by law, since the FCRA prohibits the access and review of a credit report without a valid purpose, and Defendant's attempts to collect the discharged debt constituted a violation of the bankruptcy discharge injunction currently in place, such actions also constituted a violation of the Texas Finance Code;

    b) Tex. Fin. Code § 392.304(a)(8), which prohibits Defendants from misrepresenting the character, extent, or amount of Plaintiff's debt, or misrepresenting the status of Plaintiff's debt in a judicial or governmental proceeding, since Defendant S&A alleged the justification for pulling Plaintiff's credit report was an "account review" or "other business transaction," that was a misrepresentation of the status of debt at issue, and by Defendants representing that there was a balance due on the Account to Plaintiff, Defendants were misrepresenting the subject debt was collectable when it was not by virtue of the automatic stay or the discharge injunction; and

    c) Tex. Fin. Code § 392.304(a)(19), which prohibits Defendants' use of false representations or deceptive means to collect a debt, since the debt at issue had been discharged in Plaintiff's Bankruptcy Case and there were no other transactions between the parties, the only conclusion that can be drawn is Defendant S&A was trying to gather

information for an attempt to collect the debt at issue in violation of the discharge injunction. Also, the continued sending of statements, demands for payment, and collection calls from the Defendants to Plaintiff were deceptive means to collect a debt, since the automatic stay was in effect or the debt had already been discharged and was uncollectible.

54. Under Tex. Fin. Code Ann. § 392.403, the said violations render Defendants liable to Plaintiff for actual damages, statutory damages, for injunctive relief, costs, and reasonable attorney's fees. Plaintiff's injuries resulted from Defendants' gross negligence, malice, and/or actual fraud, which entitle Plaintiff to punitive damages.

55. Due to Defendants' conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

### VII. GROUNDS FOR RELIEF - COUNT III
### INVASION OF PRIVACY

56. Plaintiff restates and reiterates herein all previous paragraphs.

57. Defendant S&A's conduct, as described herein, when it acquired a copy of Plaintiff's consumer report constituted an invasion of Plaintiff's private affairs. The invasion was one that would be highly offensive to a reasonable person because confidential and sensitive personal and financial information is included a consumer report. Such wrongful acts caused injury to Plaintiff which resulted in extreme emotional anguish, loss of time, and damage to her credit.

58. Plaintiff's injuries resulted from Defendant S&A's malice which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VIII. GROUNDS FOR RELIEF - COUNT IV

## VIOLATION OF THE BANKRUPTCY DISCHARGE INJUNCTION

59. Plaintiff repeats, re-alleges, and incorporates herein all previous paragraphs above as if set forth herein in their entirety.

60. At all times material to this proceeding, Defendants had actual knowledge about Plaintiff's' Bankruptcy Case and the discharge of the debt at issue.

61. Defendants failed to cease their debt collection activity on the Account and debt at issue when they became aware that Plaintiff filed for bankruptcy protection and the debt had been discharged in Plaintiff's Bankruptcy Case, as evidenced by Defendants sending Plaintiff a collection letter and statement(s) and accessing her credit report from TransUnion without a lawful purpose.

62. Defendants' aforesaid actions were willful acts and constitute efforts to collect the discharged debt from Plaintiff in violation the discharge injunction of 11 U.S.C. §524(a). Defendant's failure to comply with the aforesaid laws, in light of repeated notices from the Bankruptcy Court about Plaintiff's Bankruptcy Case, the discharge of Plaintiff's debt at issue and the legal effect of the discharge illustrates its contempt for Federal law and the discharge injunction.

63. The actions of Defendant S&A in accessing Plaintiff's credit report from TransUnion along with sending Plaintiff a collection letter, sending her a statement, and calling her constitutes a gross violation of the discharge injunction as set forth in 11 U.S.C. §524(a)(1)-(3).

64. The facts and background stated above demonstrate that Defendants willfully violated the orders and injunctions of the Bankruptcy Court as they concern the chapter 7 bankruptcy

filed by Plaintiff.  With this prima facie showing, the duty is on Defendants to show, as the only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court that goes beyond a mere assertion of inability.  Failing a showing of a present inability to comply with the orders and injunctions of the Bankruptcy Court by Defendant, Plaintiff must prevail on their claims, and Defendants must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the bankruptcy filed by Plaintiff.  Any defense put forth by Defendants in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

65.  Specifically, Defendants violated the part of the Bankruptcy Court's Discharge Order pertaining to 11 U.S.C. §524(a)(2) which "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived;…'"

66.  No exceptions exist under 11 U.S.C. §524 or the other provisions of the United States Bankruptcy Code or other applicable law that permit the conduct of Defendants at issue with regard to the discharge injunction, as stated above.

67.  The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint.  None of the aforementioned has been approved by the Court here, and no waiver of the orders or injunctions of the Court has occurred in Plaintiff's Bankruptcy Case as pertaining to the rights and remedies of Defendants.

68. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Bankruptcy Court. Any attempt to burden Plaintiff with policing the misconduct of Defendants would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendants in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendants. No allegation of a mitigation as a defense should be allowed.

69. Plaintiff has been injured and damaged by Defendants' actions and are entitled to recover judgment against Defendants for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. §524, and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Mary A. Hopkins, prays that the Court will:

A. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable and necessary attorney fees as provided by the TDCA, the FCRA, for the multiple invasions of privacy and for violations of the discharge injunction.

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D. Grant such other and further relief, in law or equity, to which Plaintiff might show herself justly entitled.

Respectfully submitted,

/s/ James J. Manchee
James J. Manchee
Jim@mancheelawfirm.com
State Bar Number 00796988
Marilyn S. Altamira
State Bar Number 00796119
Maltamira@mancheelawfirm.net
Manchee & Manchee, PC
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
(972) 233-0713 (fax)
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial to a jury on all issues so triable.

4-15-14  /s/ *James J. Manchee*
Date  James J. Manchee